May Term, 1858.

CRABB
v.
ATWOOD.

---

CRABB, Administrator, *v.* ATWOOD and Others.

Petition for the removal of an administrator, filed in vacation. Upon the filing, the clerk gave notice of the pendency of the suit by publication.
*Held,* 1. That an order of Court for such publication was unnecessary.

2. That the record being silent upon the subject, it may be presumed that the notice was issued upon a proper affidavit.

3. No citation was necessary.

Though the notice was for the *January* term, the hearing might be had under such notice at the *April* term, if the cause was regularly continued.

*Tuesday,
June 1.*

APPEAL from the *Bartholomew* Court of Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, on the 24th of *November*, 1855, filed in the office of the clerk of said Court a petition wherein they allege that *John Crabb* is the administrator of *Strawder Crabb*, deceased; that the intestate, in his lifetime, was indebted to the plaintiffs, which debt is due and unpaid, and that said administrator has never made and returned an inventory and sale-bill of the intestate's estate, though more than one year has elapsed since the date of his appointment. The plaintiffs, therefore, demand his removal from the administration of the estate, and the appointment of another administrator.

The record shows that upon the filing of the petition, the clerk issued a notice for publication, whereby the defendant was notified of the pendency of the suit, and that an application, founded on the petition, would be made for his removal as such administrator, on the first day of the then next *January* term of said Court. It is not shown that any action was had in the case at that term; but at the *April* term, 1856, the plaintiffs proved publication, &c. Whereupon the defendant moved to dismiss the suit, for want of sufficient notice, and his motion being overruled, he excepted. He then demurred to the petition; but his demurrer was also overruled; and thereupon he filed his answer to which there was a demurrer sustained. On final hearing, the Court ordered that the defendant be removed from his trust as administrator, &c.

As the refusal to dismiss the suit is the only ruling to which the defendant excepted, that alone will be noticed. The grounds relied on in support of the exception, are these: 1. No citation was issued. 2. Publication was not ordered by the Court. 3. Notice having been given for

the *January* term, the cause, under such notice, could not be properly heard at the *April* term. Neither is well taken.

The statute says that where it is shown by affidavit that a cause of action exists against any defendant, &c., and that he is a non-resident of the state, or being a resident has departed therefrom with intent to defraud his creditors, or to avoid process, or keeps himself concealed therein with a like intent, the clerk, by order of the Court, if in session, or in vacation without such order, shall cause notice of the pendency of the action to be published, &c. 2 R. S. p. 35, § 38.

Here, the petition was filed in vacation, and upon the filing thereof, the clerk issued the notice by publication; hence, an order of the Court directing such publication was unnecessary; and the record being silent on the subject, we will presume that the notice was issued upon the proper affidavit. And the mere fact that the state of the case required notice by publication, at once shows that a citation was not requisite, because it would have been unavailing.

It is true, the notice was for the *January* term; but the cause was pending in the Court, and there being no evidence that it was otherwise disposed of at that term, we must intend that it was regularly continued, and, therefore, regularly in Court at the *April* term.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Herod* and *S. Stansifer*, for the appellant.

*C. E. Walker*, for the appellees.